

12 CIV 9392

RECEIVED DEC 20 2012 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
JAMES PUCKETT,

                Plaintiff,                     Civil Action No.:

    vs.                                       COMPLAINT

PENTAGROUP FINANCIAL, LLC,        DEMAND FOR JURY TRIAL

                Defendant.
-------------------------------------------------------------------

       Plaintiff JAMES PUCKETT ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant PENTAGROUP FINANCIAL, LLC ("Defendant" and/or "PENTAGROUP"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349.

## PARTIES

    2.    Plaintiff is a resident of the State of New York, residing at 2055 McGraw Avenue, Apt 2H, Bronx, NY 10462-8015.

    3.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant PENTAGROUP is a business entity engaged in business of collecting debts with a place of business located at 5959 Corporate Dr., Suite 1400, Houston, TX 77036-2311.

5. PENTAGROUP is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, GE MONEY BANK and/or CACH, LLC, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PENTAGROUP for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Upon information and belief, at some time during the past one year prior to the filing of this action, Defendant began its attempts at collecting the alleged debt from Plaintiff.

13. In or about September 2012, Defendant caused to be sent to Plaintiff, via his attorney, a collection letter dated September 5, 2012 ("letter").

14. Defendant's letter was sent to Plaintiff " C O Law Office of Allison Polesky".

15. Based upon the language used in the letter, Defendant knows or should know that Plaintiff was represented by Law Offices of Allison Polesky, P.C. and the undersigned attorney whose name is Allison Polesky with respect to the alleged debt and has knowledge or should have knowledge of such attorney's name and address.

16. Plaintiff and his attorney did not provide Defendant consent to contact Plaintiff directly.

17. Defendant never contacted Law Offices of Allison Polesky, P.C. or the undersigned attorney regarding the alleged debt or Plaintiff via telephone.

18. Defendant failed to contact Law Offices of Allison Polesky, P.C. or the undersigned attorney regarding the alleged debt, Plaintiff, or for additional information regarding legal representation by Law Offices of Allison Polesky, P.C. or the undersigned attorney.

19. In or about September 2012, Defendant began placing telephone calls to Plaintiff.

20. In or about September 2012, Defendant began placing telephone calls to Plaintiff rather than Law Offices of Allison Polesky, P.C. or the undersigned attorney.

21. Defendant places telephone calls from, but not limited to, telephone numbers, 832-615-2281, 800-997-5339, 832-615-2147, 973-718-7705, 973-718-7675, 585-672-6663, 585-672-6679, and 585-672-6677.

22. As of this date, telephone numbers 832-615-2281, 800-997-5339, 832-615-2147, 973-718-7705, 973-718-7675, 585-672-6663, 585-672-6679, and 585-672-6677 direct to Defendant.

23. Defendant places several telephone calls each day to Plaintiff.

24. Defendant left voice mail messages for Plaintiff that identified Defendant as a "debt collector".

25. Defendant's voice mail messages are left utilizing an automated system.

26. Defendant violated 15 U.S.C. §1692b and §1692c(b) prohibiting third party disclosure when Plaintiff's roommate Emile Huggins heard the Defendant's voice mail message disclosing Defendant's identity as a "debt collector" and that Plaintiff was being contacted by Defendant in an attempt collect the alleged debt.

27. Defendant's letter states:

> **CACH, LLC**
> **120016160230**
> **GE CAPITAL RETAIL BANK**
> **6045771200110302**
> **$653.39**

28. Defendant's letter states, in relevant part, "The account listed above has not been paid and has been placed with this agency for collection."

29. Defendant's letter contains a § 1692g notice.

30. Defendant's letter is the "initial communication" as that term is defined and used in the FDCPA and/or is the written notice required to be sent within five (5) days of an alleged "initial communication" that took place between Plaintiff and Defendant.

31. § 1692g(a)(1) requires that Defendant send Plaintiff a notice containing the amount of the debt.

32. The alleged debt is accruing and/or has accrued interest, fees and other costs at a rate that has not been disclosed by Defendant.

33. Defendant failed to state the amount of the debt.

34. § 1692g(a)(2) requires that Defendant send Plaintiff a notice containing the name of the creditor to whom the debt is owed.

35. Defendant failed to identify the name of the creditor to whom the alleged debt is owed.

36. Defendant's letter is deceptive and misleading in stating only "CACH, LLC" and "GE CAPITAL RETAIL BANK" and without any identifiers.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692c(a)(2).
   b. 15 U.S.C. §1692c(b).
   c. 15 U.S.C. §1692d-preface & (6).
   d. 15 U.S.C. §1692e-preface, (2), (5), and (10).
   e. 15 U.S.C. §1692f-preface, (1) & (5).
   f. 15 U.S.C. §1692g.

39. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

42. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JAMES PUCKETT demands judgment from the Defendant PENTAGROUP FINANCIAL, LLC as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

C. For damages, trebled, pursuant to New York General Business Law § 349;

D. For attorneys' fees, costs and disbursements;

E. For an award of pre-judgment interest on all sums awarded and/or collected;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JAMES PUCKETT hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated: December 17, 2012

Respectfully submitted,

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone: 914-610-3207
Facsimile: 914-610-3770
Email: apolesky@poleskylaw.com
Attorney for the Plaintiff JAMES PUCKETT